**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| J & J Sports Productions, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Francisco J. Meza Jimenez, Nydia P. Meza, and Taqueria Cajeme, LLC, d/b/a Taqueria Cajeme, <br><br> Defendants. | No. CV-17-1320-PHX-DGC <br><br> **ORDER AND DEFAULT JUDGMENT** |

Plaintiff J & J Sports Productions has filed a motion for default judgment against Defendant Francisco J. Meza-Jimenez, individually and doing business as Taqueria Cajeme, pursuant to Federal Rule of Civil Procedure 55(b). Doc. 20. No response has been filed. For reasons stated below, default judgment is appropriate.

**I.   Background.**

Plaintiff obtains licenses to distribute pay-per-view programming to various commercial establishments, including bars and restaurants. Plaintiff contracted for the right to broadcast a boxing match between Saul "Canelo" Alvarez and Amir Khan and related undercard bouts. The program aired May 7, 2016.

Plaintiff claims that Defendants intercepted the program and displayed it to the public at Taqueria Cajeme, a Mexican restaurant and bar operated by Defendants and located at 356 East University Drive in Mesa, Arizona. Plaintiff filed suit seeking

statutory damages for Defendants' alleged violations of the Communications Act of 1934 and the Cable and Television Consumer Protection and Competition Act of 1992, 47 U.S.C. §§ 553 and 605 *et seq.* Doc. 1.

Plaintiff served process on Defendant Meza-Jimenez on August 23, 2017. Doc. 15. The Clerk entered his default three weeks later, after Defendant failed to answer or otherwise respond to the complaint. Doc. 18. Plaintiff then filed the present motion for default judgment Defendant Meza-Jimenez. Doc. 20.[1]

## II. Default Judgment.

After default is entered by the clerk, the district court may enter default judgment pursuant to Rule 55(b). The court's "decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Although the court should consider and weigh relevant factors as part of the decision-making process, it "is not required to make detailed findings of fact." *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

The following factors may be considered in deciding whether default judgment is appropriate: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering the merits and sufficiency of the complaint, the court accepts as true the complaint's well-pled factual allegations, but the plaintiff must establish all damages sought in the complaint. *See Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). Having reviewed the complaint and default judgment motion, the Court finds that the *Eitel* factors favor default judgment and statutory damages in the amount of $30,000.00 are warranted.

---

[1] The Court entered default judgment against Defendants Nydia P. Meza and Taqueria Cajeme, LLC, on October 16, 2017. Doc. 19.

### A. Possible Prejudice to Plaintiff.

The first *Eitel* factor weighs in favor of default judgment. Defendant failed to respond to the complaint or otherwise appear in this action despite being served with the complaint, the application for default, and the motion for default judgment. If Plaintiff's motion is not granted, Plaintiff "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). The prejudice to Plaintiff in this regard supports the entry of default judgment.

### B. Merits of the Claims and Sufficiency of the Complaint.

The second and third *Eitel* factors favor default judgment where, as in this case, the complaint sufficiently states a plausible claim for relief under the Rule 8 pleading standards. *See id.* at 1175; *Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978). Plaintiff seeks relief under 47 U.S.C. § 605. To be held liable for a violation this statute, "a defendant must be shown to have (1) intercepted or aided the interception of, and (2) divulged or published, or aided the divulging or publishing of, a communication transmitted by the plaintiff." *Nat'l Subscription Television v. S & H TV*, 644 F.2d 820, 826 (9th Cir. 1981). Section 605 applies to satellite television signals. *DirecTV, Inc. v. Webb*, 545 F.3d 837, 844 (9th Cir. 2008).

Plaintiff has alleged that Defendant willfully intercepted and displayed the licensed program on May 7, 2016. Plaintiff's allegations are supported by the sworn affidavit of investigator Amanda Hidalgo, who visited Taqueria Cajeme on May 7 and saw the program being displayed on a television in the establishment. Doc. 20-3 at 2. Hidalgo estimates that 45 patrons were watching the program. *Id.*

Because the well-pled factual allegations of the complaint are deemed true upon default, *see Geddes*, 559 F.2d at 560, Plaintiff has shown that Defendant violated § 605. The second and third factors favor default judgment.

### C. Amount of Money at Stake.

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of the defendant's conduct. Plaintiff seeks $10,000 in statutory

damages and $20,000 in enhanced statutory damages. Doc. 20-1 at 12-18. As previously explained (Doc. 19 at 5), Defendants' violation of § 605 was serious. They willfully displayed the program to nearly 50 patrons. Doc. 20-3 at 2. Moreover, this is the establishment's second piracy offense. Doc. 20-1 at 16; *see J & J Sports Prods., Inc. v. Meza*, No. 2:16-cv-01214-JJT (D. Ariz. Nov. 14, 2015) (Doc. 21).

### D. Possible Dispute Concerning Material Facts.

Given the sufficiency of the complaint and Defendant's default, "no genuine dispute of material facts would preclude granting [Plaintiff's] motion." *PepsiCo*, 238 F. Supp. 2d at 1177.

### E. Whether Default Was Due to Excusable Neglect.

Plaintiff properly served Defendant with the summons and complaint. Doc 15. It therefore is unlikely that Defendant's failure to answer and the resulting default were due to excusable neglect. *Gemmel v. Systemhouse, Inc.*, No. CIV 04-187-TUC-CKJ, 2008 WL 65604, at *5 (D. Ariz. Jan. 3, 2008). This *Eitel* factor, like the other five discussed above, weighs in favor of default judgment.

### F. Policy Favoring a Decision on the Merits.

The last factor usually weighs against default judgment given that cases "should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. The mere existence of Rule 55(b), however, "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177. Moreover, Defendant's failure to answer or otherwise respond to the complaint "makes a decision on the merits impractical, if not impossible." *Id.* Stated differently, it is difficult to reach the merits when the opposing party is absent. The Court therefore is not precluded from entering default judgment against Defendant. *See id.*; *Gemmel*, 2008 WL 65604, at *5.

### G. Conclusion.

Six of the seven *Eitel* factors favor default judgment, and one factor is neutral. The Court therefore concludes that default judgment is appropriate.

**III. Damages.**

"A default judgment may be entered without a hearing on damages when the amount claimed is capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Taylor Made Golf Co. v. Carsten Sports, Ltd.*, 175 F.R.D. 658, 661 (S.D. Cal. 1997).

Plaintiff does not seek actual damages, but rather statutory damages pursuant to 47 U.S.C. § 605. Under this statute, "the party aggrieved may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just[.]" § 605(e)(3)(C)(i)(II). The statute further states that when a violation "was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation." § 605(e)(3)(C)(ii). In assessing statutory damages, the Court is mindful of the need to deter piracy of licensed shows, as well as the importance of not putting restaurants or bars out of business for a single violation. *See Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999)

Plaintiff requests $10,000 in statutory damages and $20,000 in enhanced statutory damages, to be entered jointly and severally with previous awards against Defendants Nydia Meza and Taqueria Cajeme, LLC. The requested damages are reasonable. Defendants pirated the program and displayed it to approximately 45 patrons. Doc. 20-3 at 2. The showing was not an accident, and is the establishment's second piracy violation. Doc. 20-1 at 16. The Court finds the requested damages reasonable given this willful conduct. *See Joe Hand Promotions, Inc. v. Wing Spot Chicken & Waffles, Inc.*, 920 F. Supp. 2d 659, 667-69 (E.D. Va. 2013) (awarding $4,000 in statutory damages and $27,000 in enhanced damages for displaying a pirated program to 40 patrons); *J & J Sports Prods., Inc. v. McCausland*, No. 1:10-CV-01564-TWP, 2012 WL 113786, at *3-4 (S.D. Ind. Jan. 13, 2012) (awarding $10,000 in statutory damages and $30,000 in

enhanced damages for displaying a pirated program to 15 patrons).

**IT IS ORDERED:**

1. Plaintiff's motion for default judgment (Doc. 20) is **granted**.
2. Default judgment is entered in favor of Plaintiff and against Defendant Francisco Meza-Jimenez, individually and d/b/a Taqueria Cajeme, in the amount of **$30,000**, jointly and severally with the damages awarded previously against Defendants Nydia P. Meza and Taqueira Cajeme, LLC (*see* Doc. 19).

Dated this 8th day of January, 2018.

_____
David G. Campbell
United States District Judge